IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BRADLEY KLOEFKORN and PATRICIA KLOEFKORN, | § § § | CIVIL ACTION NO. _____ |
| Plaintiffs | § § | Judge _____ |
| VS. | § § | |
| STATE FARM LLOYDS, | § § | |
| Defendant. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, BRADLEY KLOEFKORN AND PATRICIA KLOEFKORN, Plaintiffs, complaining of STATE FARM LLOYDS, Defendant, and file for cause of action this their Plaintiffs' Original Complaint, and would show as follows:

### A.  THE PARTIES

1.    Plaintiffs Bradley Kloefkorn and Patricia Kloefkorn are residents of Jefferson County, Texas.

2.    Defendant State Farm Lloyds is an insurance company engaging in the business of insurance in the State of Texas.  Defendant may be served through its registered agent: Fred Marsh, 17031 Preston Road, Dallas, Texas 75248.

### B.  JURISDICTION

3.    The court has jurisdiction over the lawsuit under 28 U.S.C. Section 1332(a)(1) because the plaintiffs and the defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## C. VENUE

4.    Venue is proper in this district under 28 U.S.C. Section 1391(a)(2) in that the
insured property and the events giving rise to the claim occurred in the Eastern
District of Texas.

## D. FACTS

5.    Plaintiffs are the owners of a Texas Homeowner's Insurance Policy (hereinafter
referred to as "the Policy"), which was issued by State Farm Lloyds.

6.    Plaintiffs own the insured property, which is specifically located at 11346 Country
Lane, Beaumont, Texas 77705 in Jefferson County, Texas (hereinafter referred to
as "the Property").

7.    State Farm Lloyds sold the Policy, insuring the Property, to Plaintiffs.

8.    On or about September 13, 2008, Hurricane Ike struck Southeast Texas causing
damage to homes and businesses throughout the area, including Plaintiffs'
residence.  Plaintiffs' property and home sustained substantial damages during the
storm.

9.    Plaintiffs submitted a claim to State Farm Lloyds against the policy for the damage
to the Property sustained as a result of the aforementioned hurricane.

10.    Plaintiffs asked that State Farm Lloyds cover the cost of repairs to the Property
pursuant to the Policy. Plaintiffs requested additional living expenses as well.

11.    Defendant State Farm Lloyds wrongfully denied Plaintiffs' claim for repairs of the
Property, even though the Policy provided coverage for losses such as those
suffered by Plaintiffs. Furthermore, State Farm Lloyds underpaid some of Plaintiffs'

2

claims by not providing full coverage for the damages sustained by the Plaintiffs as well as under scoping the damages during their investigation. Additionally, State Farm Lloyds continues to delay in the payment of the damages to the property, including the home. As such, Plaintiffs have not been paid in full for their damages to their home.

12.    Defendant State Farm Lloyds failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, State Farm Lloyds failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. State Farm Lloyd's conduct constitutes a breach of the insurance contract between State Farm Lloyds and Plaintiffs.

13.    Defendant State Farm Lloyds misrepresented to Plaintiffs that damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of Texas Insurance Code. TEX. INS. CODE §541.060(a)(1).

14.    Defendant State Farm Lloyds failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE § 541.060 (a)(2)(A).

15.    Defendant State Farm Lloyds failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being

3

made. Furthermore, Defendant did not communicate that any future settlement or payment would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct is a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(3).

16.    Defendant State Farm Lloyds failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendant's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.060 (a)(4).

17.    Defendant State Farm Lloyds refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property. Defendant's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE § 541.060(a)(7).

18.    Defendant State Farm Lloyds failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes violation of the Texas Insurance Code. TEX. INS. CODE §542.055.

4

19.    Defendant State Farm Lloyds failed to accept or deny Plaintiffs' full and entire claim within statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §542.056.

20.    Defendant State Farm Lloyds failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, State Farm Lloyds has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. Defendant's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §542.058.

21.    From and after the time Plaintiffs' claim was presented to State Farm Lloyds, the liability of State Farm Lloyds to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm Lloyds has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

22.    Defendant State Farm Lloyds knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

23.    As a result of State Farm Lloyds' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firms who are representing them with respect to these causes of action.

24.    Plaintiffs' experience regarding their claim with State Farm Lloyds is not an isolated case. The acts and omissions State Farm Lloyds committed in this case, or similar

acts and omissions, occur with such frequency that they constitute a general business practice of State Farm Lloyds with regard to handling these types of claims. State Farm Lloyds' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## E.  CAUSES OF ACTION

25.    State Farm Lloyds is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### Breach of Contract

26.    State Farm Lloyds' conduct constitutes a breach of the insurance contract made between State Farm Lloyds and Plaintiffs.

27.    State Farm Lloyds' failure and refusal, as described above, to pay the adequate compensation, as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of State Farm Lloyds' contract with Plaintiffs.

### Noncompliance with Texas Insurance Code § 541.151(1)
### Unfair Settlement Practices

28.    State Farm Lloyds' conduct constitutes multiple violations of the Texas Insurance Code. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

29.    State Farm Lloyds' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair and deceptive act or practice in the business of insurance.

TEX. INS. CODE §541.060(1).

30.  State Farm Lloyds' deceptive practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of claim, even though State Farm Lloyds' liability under the Policy was reasonably clear, constitutes an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(a).

31.  State Farm Lloyds' deceptive practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

32.  State Farm Lloyds' deceptive practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(4).

33.  State Farm Lloyds' deceptive practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(7).

### Noncompliance with Texas Insurance Code: The Prompt Payment of Claims

34.  State Farm Lloyds' conduct constitutes multiple violations of the prompt payment of claims provisions of the Texas Insurance Code.  All violations of the provisions

are made actionable by Section 542.060 of the Texas Insurance Code.

35.    State Farm Lloyds' failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Section 542.055 of the Texas Insurance Code.

36.    State Farm Lloyds' failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim and a violation of Section 542.056 of the Texas Insurance Code.

37.    State Farm Lloyds' delay of the payment of Plaintiffs' claim following its receipt of all items, statements and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of claim and a violation of Section 542.058 of the Texas Insurance Code.

**Texas Deceptive Trade Practices Act Violations**

38.    Violations of Section 17.46(b) of the Texas Business and Commerce Code (Texas Deceptive Trade Practices Act) also give rise to claims under Chapter 541 of the Texas Insurance Code.

39.    State Farm Lloyds has engaged in violations of Section 17.46(b) of the Texas Deceptive Trade Practices Act, including representing that an agreement confers or involves rights, remedies or obligations that it does not.

**Breach of the Duty of Good Faith and Fair Dealing**

8

40.    State Farm Lloyds' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

41.    State Farm Lloyds' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, State Farm Lloyds knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## F. KNOWLEDGE

42.    Each of the acts described above, together and singularly, was done "knowingly" and/or "intentionally" as those terms are used in the Texas Insurance Code and the Texas Consumer Protection Act and were a producing cause of Plaintiffs' damages described herein.

## G. DAMAGES

43.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

44.    As previously mentioned, the damages caused by Hurricane Ike rendered Plaintiffs' residence substantially damaged.    These damages have not been properly addressed or repaired in the months since the storm, causing further damages to the Property and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant State Farm Lloyds' mishandling of Plaintiffs' claim in violation of the laws set forth above.

45.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney fees.

46.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152.

47.    For non-compliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

48.    For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount Defendant owed, exemplary damages and damages for emotional distress.

49.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### H. PRAYER

50.    WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sum as would reasonably and justly compensate them in accordance

10

with the rules of law and procedure, both as to actual damages, treble damage under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and appeal of this case, for all costs of Court in their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves to be justly entitled.

### Jury Demand

Plaintiffs request a trial by jury.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: _____
Kenneth W. Lewis
Attorney- in-Charge
Texas Bar #12295300

Scott Renick
State Bar No. 24004885
3560 Delaware, Suite 311
Beaumont, TX 77706
409/895-0145
409/895-0080 (Fax)

ATTORNEYS FOR PLAINTIFFS

11